# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:21-MJ-00073-SCR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| EVAN THOMAS CARTER, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's "Motion to Clarify Bond Conditions" (Doc. No. 31) and "Supplemental Memorandum in Support of Motion to Clarify Bond Conditions" (Doc. No. 32) (together, the "Motion"). Defendant requests that the Court clarify whether the location monitoring requirements of his bond conditions has expired. For the reasons stated herein the Motion is granted in part and denied in part.

Defendant was charged with a misdemeanor in connection with an incident on an aircraft, and after an initial appearance he was released on bond. (Doc. Nos. 1, 3-1, & 8). On November 2, 2022, the Court issued an arrest warrant after Defendant allegedly violated his conditions of release when he was arrested and charged with various new law violations. (Doc. No. 17). In July 2023, Defendant was arrested on the November 2022 arrest warrant when Defendant was allegedly charged with several different new law violations in Florida. (Doc. Nos. 21, 23). After his arrest, Defendant appeared in the Southern District of Florida, at which time he was released on modified conditions and ordered removed to this District for all further proceedings.[1] (Doc. Nos. 23, 23-1,

---

[1] The conditions were modified from Defendant's earlier conditions in this case. (Doc. No. 25).

23-2). Within days of his release, the Probation Office alleged that Defendant violated his conditions of release by allegedly "absent[ng] himself from supervision," at which time his "whereabouts [were] unknown."[2] (Doc. No. 26).

In the meantime, this Court scheduled Defendant's bond revocation hearing in this District for August 17, 2023. Shortly after, Defendant appeared again in the Southern District of Florida on the new bond violation for "absent[ing] himself from supervision." (Doc. Nos. 26 & 29). Defendant was released on modified conditions, which included location monitoring for a period of time. (Doc. No. 29). Based on a review of the transcript of the hearing, the parties, the Probation Officer, and the Magistrate Judge discussed the length of time that Defendant should be placed on location monitoring. Initially, the parties, Probation Officer, and the Magistrate Judge contemplated nine days of location monitoring, which was the time until the August 17 bond revocation hearing in this District. (Doc. No. 32-1 at 44:2-46:2). However, after further discussion, the Magistrate Judge concluded that ordering location monitoring for an exact period was not appropriate. (Doc. No. 32-1 at 49:10-12). Specifically, the following discussion occurred:

> THE COURT: And you never know <u>if the hearing got changed, right. So we don't want to say, oh, GPS for nine days.</u> We want GPS until it's time for him to travel --
>
> [DEFENSE COUNSEL]: That's right.
>
> THE COURT: -- to North Carolina.
>
> [DEFENSE COUNSEL]: Until he has his plane ticket.
>
> THE COURT: Right. He has a plane ticket he's shown or a bus ticket, whatever it is. How were you planning to get there? Flying?
>
> THE DEFENDANT: By flying.

---

[2] The Probation Petition also alleged, among other things, that Defendant provided an incorrect address and phone number to Pretrial Services, refused to allow Pretrial Services to conduct a home visit, and stopped responding to Pretrial Services within days of his release. (Doc. No. 26).

> THE COURT: OK. So when he arrives, when you have your plane ticket, you've confirmed that, we all know the date the day before, yes, I think that's fine. We're just trying to make sure we do our best here to help you stay within the law.
>
> [DEFENSE COUNSEL]: Thank you, your Honor.
>
> THE COURT: Is that understood, that he can –
>
> [USPO NAVARRO]: Understood.
>
> THE COURT: -- as long as he shows his proof of travel the day before he can get it off?
>
> [USPO NAVARRO]: GPS can be removed on the date of his flight or on the day before his flight.
>
> THE COURT: Right, or the date of. I think if he is leaving at 10 a.m., that is going to be very, very difficult to do. All right. I'm glad we could resolve this. . . .

(Id. at 48:2-50:9) (emphasis added).

Just as the Magistrate Judge in Southern District of Florida recognized hearing dates can change, the bond revocation hearing in this District was rescheduled to August 30, 2023, due to circumstances beyond the Court's control. (Id. at 49:10-11). The Court sent notice of the hearing change through ECF to the parties' counsel, as it typically does. However, according to Defendant's Motion, due to some confusion, Defendant appeared at his attorney's office in this District on August 17, 2023. (Doc. No. 31 ¶ 4). His "location monitoring was in fact removed on August 16, 2023, so that he could report to this [D]istrict," (Id.). While Defendant appeared at his attorney's office, he did not appear before this Court since the hearing was rescheduled.

On August 17, 2023, Defendant filed the Motion stating that "defense counsel and USPO agree that the language of the Order [requiring location monitoring] is not entirely clear on its face, and therefore clarification by this Court would be helpful." (Doc. No. 31 ¶ 5). Defendant argues that because he appeared at his attorney's office in this District to attend the August 17 bond revocation hearing, that had been rescheduled, he is no longer subject to location monitoring. He

asserts the location monitoring condition "was intended to expire entirely upon [Defendant's] confirmed travel to North Carolina. Specifically, both the parties and the Court all collectively contemplated that the monitoring would last 'nine days.'" (Doc. No. 32 at 1). The Motion states that the Probation Office's position is that Defendant would need to remain on location monitoring pending this Court's ruling on the Motion.³ (Doc. No. 31 ¶ 6).

Contrary to Defendant's position in the Motion, the Magistrate Judge did not order that the location monitoring would expire after nine days. Rather, the Magistrate Judge specifically stated "[a]nd you never know <u>if the hearing got changed, right. So we don't want to say, oh, GPS for nine days.</u> We want GPS until it's time for him to travel" and contemplated that the location monitoring may last longer than nine days, for example, if the hearing were rescheduled. (Id. at 49:10-11). While Defendant apparently appeared in this District for the rescheduled August 17 bond revocation hearing, he has still not appeared before this Court for a bond revocation hearing.

For these reasons, after reviewing the entirety of the transcript attached to Defendant's Motion, the Court orders Defendant to remain on location monitoring until the day of (or day before, if appropriate, for travel purposes) a bond revocation hearing before this Court in this District. Since this Court has not held a bond revocation hearing, Defendant's location monitoring shall continue until the day of (or day before, if appropriate, for travel purposes) the bond revocation hearing. The Court reserves any ruling on whether location monitoring will be ordered on a go-forward basis pending the bond revocation hearing on August 30, 2023.

---

³ The Motion also unnecessarily characterizes the Probation Officer as "misrepresent[ing]" the Magistrate Judge's ruling in the Southern District of Florida – a characterization this Court disagrees with based on a review of the entirety of the transcript submitted in support of the Motion. (Doc. No. 32 at 2; Doc. No. 32-1 at 48:2-50:9).

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion to Clarify Bond Conditions" (Doc. No. 31) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's location monitoring shall continue until the day of (or the day before, if appropriate, for travel purposes) the currently scheduled August 30, 2023, bond revocation hearing. Defendant's location monitoring may be removed at that time for Defendant's travel to this District for the August 30 bond revocation hearing. In the event that the August 30 bond revocation hearing is rescheduled at any time for any reason then Defendant's location monitoring shall continue as set forth herein until the day of (or the day before, if appropriate, for travel purposes) the rescheduled bond revocation hearing.

**IT IS FURTHER ORDERED** that Defendant shall **appear in person here in the Western District of North Carolina** at the August 30, 2023, bond revocation hearing before this Court.

**IT IS FURTHER ORDERED** that this Order is without prejudice to any conditions this Court may place on Defendant at the August 30, 2023, bond revocation hearing, or any future hearings, including but not limited to location monitoring.

**SO ORDERED**.

Signed: August 25, 2023

_____
Susan C. Rodriguez
United States Magistrate Judge